IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

---

**CHERYL JONES, LAQUANDA JACKSON,**
**VERONICA DELONEY, SAMUEL JORDAN,**
**ANGELA HORACE, BETERNIA BAKER,**
**KIMIYA CARTER,** and **MARILYN NELSON**,
Individually and on behalf of all other
similarly situated current and former employees,

                Plaintiffs,

                NO. 1:15-cv-0108

v.

                FLSA Opt-In Collective Action

**JRN, INC.,** a Tennessee Corporation,
**JOHN R. NEAL, DAVID G. NEAL,** and
**TYRONE K. NEAL**, individually          **JURY DEMANDED**

                Defendants.

---

## AMENDED COMPLAINT
---

Plaintiffs Cheryl Miles Jones, Laquanda Jackson, Veronica Deloney, Samuel Jordan, Angela Horace, Beternia Baker, Kimiya Carter and Marilyn Nelson, individually, and on behalf of all others similarly situated, hereby file their Complaint against JRN, Inc., a Tennessee Corporation, John R. Neal, David G. Neal, and Tyrone K. Neal, individually, and allege as follows:

**I.**

**INTRODUCTION**

1. Plaintiff, Cheryl Miles Jones, was an employee of Defendant JRN, Inc., ("JRN"), at all times relevant to this Complaint.

1

2. Plaintiff, Laquanda Jackson, was an employee of Defendant JRN, Inc., ("JRN"), at all times relevant to this Complaint.

3. Plaintiff, Veronica Deloney, was an employee of Defendant JRN, Inc., ("JRN"), at all times relevant to this Complaint.

4. Plaintiff, Samuel Jordan, was an employee of Defendant JRN, Inc., ("JRN"), at all times relevant to this Complaint.

5. Plaintiff, Angela Horace, was an employee of Defendant JRN, Inc., ("JRN"), at all times relevant to this Complaint.

6. Plaintiff, Beternia Baker, was an employee of Defendant JRN, Inc., ("JRN"), at all times relevant to this Complaint.

7. Plaintiff, Kimiya Carter, was an employee of Defendant JRN, Inc., ("JRN"), at all times relevant to this Complaint.

8. Plaintiff, Marilyn Nelson, was an employee of Defendant JRN, Inc., ("JRN"), at all times relevant to this Complaint.

9. This lawsuit is brought against JRN, Inc., as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation for Plaintiffs and other similarly situated employees who are members of a class as defined herein and currently or previously employed by JRN.  Plaintiffs also bring claims under state laws.

10. At all times material to this Complaint, Plaintiffs performed non-exempt labor duties on behalf of JRN.

11. Plaintiffs have been employed by JRN for various times and some are currently still employed by JRN and have continued to work for JRN during such time.

12. Based on the information preliminarily available, and subject to discovery in this cause, JRN did not compensate Plaintiffs, and those similarly situated employees of JRN, for all overtime hours worked in excess of forty (40) per week during all times relevant to this Complaint.

## II.

## JURISDICTION AND VENUE

13. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims based on 28 U.S.C. § 1367.

14. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because JRN's corporate headquarters are located in this district, JRN regularly conducts business in this district, JRN's wage and hour plans, policies and practices were established and, have been administered in this district. JRN has violated and continues to violate the FLSA from its corporate headquarters located in this district, at all times relevant to this Complaint. John R. Neal who was the President and CEO of JRN, Inc., during times relevant to this Complaint, and was/is responsible for establishing and administering JRN's wage and hour plans, policies and practices at all times material to this Complaint and, David Neal, who has been JRN's Vice President-Operations and, also was/is responsible for establishing and administering JRN's wage and hour plans, policies and practices at all times material to this complaint, and Tyrone K. Neal who is the current President of JRN, and is responsible for establishing and administering JRN's wage and

hour plans, policies and practices at all times material to this Complaint, upon information and belief, reside in this district.

### III.

### CLASS DESCRIPTION

15. Plaintiffs bring this action on behalf of the following similarly situated persons: All current and former employees who were misclassified as exempt Assistant Managers of JRN's Kentucky Fried Chicken ("KFC") franchised restaurants and JRN's Kentucky Fried Chicken/Taco Bell ("KFC/Taco Bell") and JRN's Kentucky Fried Chicken/Long John Silver's ("KFC/LJS") franchised restaurants located in the United States who work (or have worked) at such JRN's restaurants at any time during the applicable limitation's period covered by this Complaint (*i.e.* two years for FLSA violations, three years for willful FLSA violations, and six years for unjust enrichment/quantum meruit/breach of contract claims) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b), and supplemental state law claims. (Collectively, "the class").

### IV.

### PARTIES

16. Defendant JRN, Inc. is a Tennessee Corporation with its principal executive office located at 209 West 7th Street, Columbia, Tennessee 38401.  According to the Tennessee Secretary of State, JRN, Inc. may be served through its registered agent for service of process: Harris A. Gilbert, 2525 West End Ave, (Suite 1500), Nashville, TN 37203-1744.

17. Defendant John R. Neal is an adult individual and resident of the State of Tennessee and who, at times relevant to this Complaint, has been the President and CEO of JRN, Inc.

John R. Neal may be served for purposes of process at 209 West 7th Street, Columbia, Tennessee 38401. Upon information and belief, Defendant John R. Neal may be living in Lexington, Kentucky.

18. Defendant David G. Neal is an adult individual and resident of the State of Tennessee and who, at all times relevant to this Complaint, has been the Vice President-Operations for JRN, Inc. David Neal may be served for purposes of process at 209 West 7th Street, Columbia, Tennessee 38401.

19. Defendant Tyrone K. Neal is an adult individual and resident of the State of Tennessee and who, at times relevant to this Complaint, has been the President of JRN, Inc. Tyrone K. Neal may be served for purposes of process at 209 West 7th Street, Columbia, Tennessee 38401.

20. Plaintiffs are adult resident citizens of either the states of Alabama or Georgia and are currently or have previously been employed by JRN as Assistant Managers at JRN's KFC restaurants in Phenix City, Alabama and/or Columbus, Georgia and/or other JRN restaurants in Alabama and Georgia, at all times relevant to this Complaint. (Plaintiffs' "Consents to Join" this lawsuit are attached as Exhibit A).

## V.

## ALLEGATIONS

21. JRN is one of the largest KFC and Taco Bell franchisees and owns and operates KFC, KFC/Taco Bell and KFC/LJS restaurants in several states across the United States, including Tennessee, Alabama, Florida, Georgia, South Carolina and others.

22. The primary function of JRN's KFC, KFC/Taco Bell and KFC/LJS restaurants is to prepare and sell food and beverage items to customers.

23. JRN is and/or has been the "employer" of the Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Complaint.

24. Plaintiffs and all other similarly situated persons are current or former employees of JRN.

25. JRN employed Plaintiffs and those similarly situated and was responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, during all times relevant to this Complaint.

26. Decisions regarding Plaintiffs' and other members of the class' compensation and other terms of employment were made through a centralized management of JRN's Headquarters location in Columbia, Tennessee under the direction and control of John R. Neal, its former President and CEO, David G. Neal, its Vice President-Operations, and Tyrone K. Neal, its current President. As stated in the JRN employee handbook. "The responsibility for determining each employee's classification belongs to the management of JRN." (The pertinent portion of the handbook is attached as Exhibit B).

27. JRN has had a centralized plan, policy and practice (scheme) of establishing and administering pay practices for its employees classified as Assistant Managers.

28. At all times material to this action, Plaintiffs and those similarly situated are or have been "employees" of JRN as defined by Section 203(e)(1) of the FLSA and, worked for JRN within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

29. At all times material to this action, JRN has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

30. At all times material to this action, JRN has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

31. JRN's KFC, KFC/Taco Bell and KFC/LJS restaurants employ individuals classified as Assistant Managers whose primary duties are non-managerial in nature and whose principal duties are to prepare and serve food items to JRN's customers.

32. Upon information and belief, prior to January 1, 2014, JRN paid Plaintiffs and other similarly situated employees classified as Assistant Managers on a salary basis. Since January 1, 2014, JRN has paid Plaintiffs and other similarly situated employees classified as Assistant Managers on an hourly basis.

33. JRN employs a uniform electronic time keeping system for tracking and reporting employee hours worked at each of its KFC, KFC/Taco Bell, KFC/LJS restaurants.

34. Upon information and belief, prior to January 1, 2014, JRN failed to record the work time of Plaintiffs and other similarly situated employees classified as Assistant Managers in its uniform electronic time keeping system for tracking and reporting hours worked at each of its KFC, KFC/Taco Bell and KFC/LJS restaurants. JRN also failed to keep complete and accurate time sheets and payroll records of Plaintiffs and other similarly situated employees classified as Assistant Managers in any other form or manner prior to January 1, 2014.

35. JRN failed to pay Plaintiffs and other similarly situated employees classified as Assistant Managers overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period.

36. Plaintiffs and other similarly situated employees JRN classified as Assistant Managers who have not been paid overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations' period, are entitled to receive all such overtime compensation due to them from JRN.

37. The net effect of JRN's plan, policy and practice of not paying Plaintiffs and other similarly situated employees classified as Assistant Managers overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations' period, was a scheme to save payroll costs and payroll taxes for which JRN has enjoyed ill gained profits at the expense of Plaintiffs and other members of the class.

38. Although at this stage Plaintiffs are unable to state the exact amount owed to them and other members of the class, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

39. In addition to the misclassification referenced above, Plaintiffs were required to work "off the clock" during the statutory period.

## VI.

## COLLECTIVE ACTION ALLEGATIONS

40. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

41. Plaintiffs bring this collective action on behalf of Plaintiffs and all other persons similarly situated pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b), specifically, as follows:

> All Assistant Managers employed by JRN within the six years preceding the filing of this action who were misclassified as exempt employees, and therefore only compensated for 40 hours of work weekly, even though they primarily performed non-exempt duties and regularly worked more than 40 hours in a workweek.

Upon information and belief, Plaintiffs believe that the definition of the class will be further refined following discovery of Defendants' books and records.

42. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

43. Defendants have been unjustly enriched as a result of their acceptance of the work of Plaintiffs and other similarly situated employees without proper compensation. It would be unjust to allow Defendant to enjoy the fruits of the collective class' labor without proper compensation.

44. Defendants breached their contract with Plaintiffs by failing to pay them for all hours worked at the rate for which Plaintiff promised to work or at the rate per hour at which they were initially hired.

45. Plaintiffs reserve the right to pursue other state law claims resulting from this common policy or practice of misclassification of Assistant Managers at JRN under Tennessee, Georgia, Alabama, and other state laws, to be determined after a class is formed.

46. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and, can only be ascertained through applicable discovery, Plaintiffs believe there are more than 300 individuals in the class.

47. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and the other members of the class work or have worked for JRN at its KFC, KFC/Taco Bell and

KFC/LJS restaurants and were subject to the same operational, compensation and timekeeping plans, policies and practices, including the failure of JRN to pay Plaintiffs and other employees classified as Assistant Managers overtime compensation under the FLSA for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period.

48. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were misclassified as exempt from the FLSA prior to January 1, 2014 or whenever a particular Plaintiff or class member was converted from salary to hourly.

- Whether Plaintiffs and other members of the class were expected and/or required to work hours without compensation;

- Whether Defendants suffered and permitted Plaintiffs and other members of the class to work hours without compensation;

- Whether Defendants failed to pay Plaintiffs and other members of the class all applicable straight time wages for all hours worked;

- Whether Defendants failed to pay Plaintiffs and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week;

- The correct statutes of limitations for Plaintiffs' claims and the claims of the other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

49. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class.  Plaintiffs have no interests adverse

to the class and, Plaintiffs has retained competent counsel who are experienced in collective action litigation.

50. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

51. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and administered by JRN.

## COUNT I

### RECOVERY OF OVERTIME COMPENSATION

52. Plaintiffs, on behalf of themselves and the class, repeat and re-allege Paragraphs 1 through 51 above, as if they were fully set forth herein.

53. At all relevant times, JRN has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiffs and class members also have engaged in interstate commerce during all relevant times to this Complaint.

54. At all relevant times, JRN employed (and/or continues to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA.

55. At all times relevant, JRN had a uniform plan, policy and practice of willfully refusing to pay the federal applicable overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

56. At all times relevant, JRN had actual and/or constructive knowledge of willfully refusing to pay the federal applicable overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

57. At all times relevant, JRN did not have a good faith basis for its failure to pay the federal applicable overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

58. As a result of JRN's willful failure to pay Plaintiffs and other members of the class the applicable federal applicable overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations' period, it has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

59. JRN's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

60. Due to JRN's willful FLSA violations and, and its lack of good faith, in its failure to pay Plaintiffs and the other members of the class the federal applicable overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period, they are entitled to recover from JRN compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II

## ADDITIONAL CAUSES OF ACTION

61. The allegations set forth in the preceding paragraphs are incorporated herein and a jury is hereby demanded.

62. In addition to the causes of action under the FLSA, Plaintiffs, on behalf of themselves and others similarly situated bring the following additional causes of action against the Defendants based on the aforementioned set of facts:

   A.   Quantum Meruit;

   B.   Unjust Enrichment;

   C.   Breach of Contract.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, individually and/or on behalf of themselves and all other similarly situated members of the class demand judgment, jointly and severally, against Defendants, JRN Inc., John R. Neal, David G. Neal, and Tyrone K. Neal as well as to request this Court to grant the following relief against JRN, Inc., John R. Neal, David G. Neal, and Tyrone K. Neal:

   A.   An Order designating this action as an opt-in collective action on behalf of the class for claims under the FLSA and the Tennessee (and other states' to be determined after the class period has closed and a class is formed through the Court-approved notice process) common law of unjust enrichment, quantum meruit, and breach of contract, and promptly issuing notice pursuant to 29 U.S.C. § 216 for the federal and state claims of the class, apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA and supplemental state law claims (such as unjust enrichment, quantum

meruit, and breach of contract) resulting from the same policy or practice of misclassification by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime and minimum wages to Plaintiffs and other members of the class;

C. An award of liquidated damages to Plaintiffs and other members of the class;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G. All applicable statutory and common law damages;

H. A Declaration that Plaintiffs and other members of the class were misclassified as exempt and entitled to unpaid overtime damages and other common law or statutory damages to be proven at trial;

I. A Declaration that Defendants have willfully violated the FLSA;

J. A Declaration that Defendants violated Tennessee common law (and the common law of any other states determined to be relevant after the close of the class period and after a class is formed through the Court-approved notice process);

K. An Order appointing Plaintiffs and Plaintiffs' counsel to represent those individuals opting in to the collective action;

L. An Order awarding counsel for Plaintiffs reasonable attorneys' fees and costs; and

M. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated:  February 9, 2016                    Respectfully Submitted,

                                                   s/J. Russ Bryant
Gordon E. Jackson (TN BPR #08323)
James L. Holt, Jr. (TN BPR #12123)
J. Russ Bryant (TN BPR #33830)
Paula R. Jackson (TN BPR #20149)
JACKSON, SHIELDS, YEISER & HOLT
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee  38018
Tel:  (901) 754-8001
Fax:  (901) 759-1745
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

*Attorneys for Named Plaintiffs, on behalf of themselves and all other similarly situated current and former employees*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on this the 9th of February, 2016.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                   s/J. Russ Bryant
J. Russ Bryant