# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHERYL JONES, et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 1:15-00108** |
| **v.** | ) | **Judge Sharp/Bryant** |
| | ) | |
| **JRN, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM</u>

Pending before the Court are Defendants' Motion to Dismiss or in the Alternative, Motion to Change Venue, (Docket No. 18) ("Motion to Dismiss/Transfer"), and Plaintiffs' Motion for Expedited Approval of Court-Supervised Notice and Consent Forms and to Order Disclosure of Current and Former Employees, (Docket No. 25) ("Motion for Conditional Certification").  For the reasons set forth below, the Court will deny Defendants' request to dismiss the case, grant Defendants' request to change venues, and decline to rule on Plaintiffs' request for conditional certification.

## I.    Factual Background[1]

Plaintiffs filed this action seeking to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").  Plaintiffs are employees of Defendant JRN, Inc. ("JRN" or "the Company") who served in the Assistant Manager position within the three years preceding the filing of this action.  Defendants are the Company, as well as three individuals who hold or held upper-level management positions at JRN: John R. Neal (President and CEO), David G. Neal (Vice President of Operations), and Tyrone K. Neal (also President).

---

[1] Unless stated otherwise, the following facts are taken from Plaintiffs' Second Amended Complaint, (Docket No. 35).

Plaintiffs worked in Defendants' KFC and Taco Bell restaurants preparing and selling food to customers. They assert that in their role of Assistant Manager, they did not have any managerial functions but rather performed typical restaurant work.

Plaintiffs allege that prior to January 1, 2014, Defendants misclassified employees in the position of "Assistant Manager" as exempt from overtime laws when they should have been classified as non-exempt. As exempt employees, Assistant Managers were not eligible for overtime pay for hours worked in excess of forty hours per week. In the fall of 2013, Defendants announced a shift in Company policy: starting on January 1, 2014, all Assistant Managers would be reclassified as non-exempt and would receive overtime pay for all future hours worked in excess of forty hours per week. The change in policy did not bring a shift in duties; Assistant Managers continued to perform non-managerial duties, such as preparing and serving food to restaurant customers.

Plaintiffs assert that the pre-January 1, 2014 classification of Assistant Managers as exempt was improper and that Assistant Managers are entitled to unpaid wages for overtime hours they worked prior to the January 1, 2014 implementation of the policy change. According to Plaintiffs, Defendants classified Assistant Managers as exempt at Company headquarters in Columbia, Tennessee as part of a top-down, company-wide policy. Although Assistant Managers worked at various JRN-owned restaurants, Plaintiffs allege that their exempt status was a product of corporate policy, not any locally-made decisions. For that reason, Plaintiffs argue that the events giving rise to this litigation occurred in Columbia, Tennessee.

Plaintiffs also assert that Defendants utilize a "uniform electronic time keeping system for tracking and reporting employee hours worked at each of its KFC and KFC/Taco Bell restaurants." (Docket No. 35 at ¶ 33). However, because Assistant Managers were classified as

exempt prior to January 1, 2014, they did not track their hours, regular or overtime, using this electronic system.   Neither did Defendants track Assistant Managers' hours through another means.  Defendants therefore, according to Plaintiffs, "failed to keep complete and accurate time sheets and payroll records of [Assistant Managers] in any other form or manner prior to January 1, 2014."  (Id. at ¶ 34).

Plaintiffs filed suit in November 2015, including with the Complaint eight "opt-in" or "consent to join" forms for the eight Named Plaintiffs.  Plaintiffs filed an Amended Complaint in February 2016.  Defendants soon filed the instant Motion to Dismiss/Transfer, (Docket No. 18), as well as a Motion to Dismiss Plaintiff's state law claims, (Docket No. 22).  Three days later, Plaintiffs filed their Motion for Conditional Certification, (Docket No. 25), and moved to file a Second Amended Complaint that excluded the state law claims, (Docket No. 30).  By previous Order, this Court granted Plaintiffs' Motion to Amend, thereby removing the state law claims and mooting the attendant motion to dismiss them.   (Docket No. 34).   Still pending is Defendants' Motion to Dismiss/Transfer.[2]  Defendants ask the Court to dismiss the case because venue is improper under 28 U.S.C. § 1391(b) ("Section 1391(b)").  In the alternative, Defendants request a convenience transfer to the Middle District of Georgia under 28 U.S.C. § 1404(a) ("Section 1404(a)").  Plaintiffs oppose dismissal and transfer and instead seek to move the case forward in this district through their Motion for Conditional Certification.

## II.    Legal Analysis

A.  Propriety of Venue Under Section 1391(b)

Defendants argue that the Court should dismiss this action because the Middle District of Tennessee is an improper venue.  Section 1391(b) states that venue is proper in:

---

[2] Defendants have re-filed the same Motion to Dismiss/Transfer.  (Docket No. 47).  Because the parties have finished briefing the first-filed version, the Court will treat Docket No. 18 as the operative Motion to Dismiss/Transfer.

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Defendants contend and Plaintiffs admit that not all of the Defendants reside in Tennessee, rendering venue improper under Section 1391(b)(1).  Because this case could proceed in the Middle District of Georgia, Defendants also dispute application of Section 1391(b)(3).  Finally, Defendants say that because the Plaintiffs worked in restaurants in Georgia and Alabama, they were injured in those states, rendering the Middle District of Tennessee inappropriate under Section 1391(b)(2).  Plaintiffs argue that Section 1391(b)(2) applies because it is the alleged misclassification of Assistant Managers that injured Plaintiffs, and they allege that the classification decision was made in Defendants' Columbia, Tennessee headquarters.

Plaintiffs have the better argument.  The root cause of Plaintiffs' injury is the alleged misclassification of Assistant Managers as exempt.  The facts now on the record adequately support Plaintiffs' theory that the classification decision was made by JRN's centralized management in Columbia, Tennessee such that venue is proper under Section 1391(b)(2).  Put another way, because the alleged misclassification occurred in this district and is crucial to determining whether Defendants are liable, a substantial part of the events giving rise to Plaintiffs' claims occurred here.  The Court therefore denies Defendants' request to dismiss for improper venue.

B.  <u>Most Appropriate Venue Under Section 1404</u>

Although the Court finds that venue is technically proper in the Middle District of Tennessee, the Court nevertheless agrees with Defendants that transferring this case to the Middle District of Georgia is appropriate.  Section 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The permissive language of Section 1404(a) grants district courts "'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate."  <u>Reese v. CNH Am. LLC</u>, 574 F.3d 315, 320 (6th Cir. 2009) (citation omitted); <u>see also</u> <u>Bunting ex rel. Gray v. Gray</u>, 2 F. App'x. 443, 448 (6th Cir. 2001).  The burden falls on the moving party, who must establish "that the factors weigh strongly in favor of transferring venue."  <u>Flight Solutions, Inc. v. Club Air, Inc.</u>, No. 3:09-cv-1155, 2010 WL 276094, at *2 (M.D. Tenn. Jan. 14, 2010) (citing <u>Clayton v. Heartland Res., Inc.</u>, No. 3:08-cv-0513, 2008 WL 2697430, at *3 (M.D. Tenn. June 30, 2008)).

When considering a motion under Section 1404(a), a district court "should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric 'interest of justice.'"  <u>Moore v. Rohm & Haas Co.</u>, 446 F.3d 643, 647 (6th Cir. 2006) (citation and internal quotation marks omitted).  More specifically, a district court weighs private factors such as "(1) the convenience of the parties and witnesses; (2) the accessibility of evidence; (3) the availability of process to make reluctant witnesses testify; (4) the costs of obtaining willing witnesses; (5) the practical problems of trying the case most expeditiously and inexpensively; and (6) the interests of justice."  <u>Am. Guar. & Liab. Ins. Co. v.</u>

Crosby Trucking Serv., Inc., No. 3:13-cv-0147, 2013 WL 3878953, at *2 (M.D. Tenn. July 26, 2013) (citing Reese, 574 F.3d at 320).   Relevant public interest factors include: "(1) the enforceability of the judgment; (2) practical considerations affecting trial management; (3) docket congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law."   Smith v. Kyphon, Inc., 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008).

Regarding the private interests at stake here, Defendants note that all of the Named Plaintiffs, as well as other JRN employees with knowledge relevant to Plaintiffs' job duties and hours, reside in the Columbus, Georgia area.   Defendants argue that trying this case in the Middle District of Tennessee would not only impose burdens on Plaintiffs and witnesses, but also potentially limit the available testimony because this Court lacks subpoena power over non-party witnesses with relevant information.   Moreover, according to Defendants, much of the evidentiary proof is located at restaurants in the Columbus, Georgia area, including archives of schedules and timekeeping reports.   Finally, Defendants point out that less deference is given to a plaintiff's choice of forum where the plaintiff does not reside in and has no ties to the forum selected.

Plaintiffs reject these arguments, focusing on JRN's Columbia, Tennessee headquarters as the locus of operative events, namely, the classification decision.   Plaintiffs argue that the headquarters will contain important evidence, such as payroll and policy records, and that JRN's corporate employees will be able to testify on the classification issue.   Plaintiffs also emphasize that their selection of this Court should receive heavy deference.

Although the Court agrees with Plaintiffs that classification decision lies at the heart of their claims, other aspects of the litigation strongly support transferring the case.   More

specifically, if Plaintiffs succeed in showing that Assistant Managers were wrongfully misclassified prior to January 1, 2014, then they will need to put forth evidence showing the amount of overtime wages owed to them as a matter of just and reasonable inference.  According to Plaintiffs, though, Assistant Managers did not even track their hours prior to the January 1, 2014 policy shift.  Proving the number of overtime hours they worked while allegedly misclassified would likely entail testimony from restaurant employees and records of Assistant Managers' schedules.  Such evidence will be far more readily available from the actual restaurants and the employees who work there than from corporate headquarters.  Plus, as Defendants note, keeping this litigation close to the actual restaurant branches will ensure both Plaintiffs and non-party witnesses will be able to participate in the litigation and do so at a far lower cost.

While this Court may be just as convenient when it comes to the preliminary question of classification, the Middle District of Georgia will be far more convenient for Plaintiffs and witnesses when it comes time to prove their damages, if any, a stage they are likely eager to reach.  The Court finds that this factor trumps any deference owed to Plaintiff's forum choice and, in this case, is dispositive.  Defendants have shouldered their burden under Section 1404(a) and this case warrants transfer to the Middle District of Georgia.

C.  Plaintiffs' Motion for Conditional Certification

Because the Court has determined that this case should be transferred, it will not consider Plaintiffs' Motion for Conditional Certification.

**III.    Conclusion**

For the reasons set forth above, the Court will deny Defendants' request to dismiss the case but grant Defendants' request for a transfer to the Middle District of Georgia.  A separate order shall enter.

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE