IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CHERYL JONES, LAQUANDA JACKSON, SAMUEL JORDAN, ANGELA HORACE, BETERNIA BAKER, KIMIYA CARTER, and MARILYN NELSON, Individually and on behalf of all other similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>JRN, INC., a Tennessee Corporation, JOHN R. NEAL, DAVID G. NEAL, and TYRONE K. NEAL, Individually,<br><br>Defendants. | No. 4:16-cv-00141-CDL<br><br>FLSA Opt-In Collective Action<br><br>JURY DEMANDED |

**ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING WITH PREJUDICE**

This matter came before the Court upon the Joint Motion to Approve Settlement Agreement and Dismiss with Prejudice filed by Plaintiffs Cheryl Jones, Laquanda Jackson, Samuel Jordan, Angela Horace, Beternia Baker, Kimiya Carter, and Marilyn Nelson ("Named Plaintiffs"), both on behalf of themselves and the individuals who opted into this lawsuit (the "Opt-In Plaintiffs") (collectively, the "Plaintiffs"), on one hand, and Defendants JRN, Inc. ("JRN"), John R. Neal, David G. Neal, and Tyrone K. Neal (collectively, the "Defendants"), on the other hand (collectively, the "Parties"). Upon consideration the Joint Motion and the Court's *in camera* review of the Parties' Settlement Agreement (the "Agreement"), which the Parties filed under seal, the Court finds as follows:

1

The Plaintiffs filed this lawsuit on November 24, 2015 in the Middle District of Tennessee (the "Lawsuit"), and the Lawsuit was transferred to this Court on April 8, 2016. In the Lawsuit, the Plaintiffs assert they were misclassified as exempt under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Defendants assert that Plaintiffs were properly classified are not entitled to any damages based on their allegations in the lawsuit. The Parties therefore have a bona fide dispute regarding Plaintiffs' FLSA claims.

The Agreement includes: (1) payment of Plaintiffs' counsel's attorneys' fees, costs, and expenses in the amount of $175,925.90; (2) payment of an incentive payment to the Named Plaintiffs in the amount of $4,000.00 each; (3) payment of back pay and liquidated damages to all Named Plaintiffs who timely sign the Agreement and submit completed W-4 forms, if no longer employed by JRN; and (4) payment of back pay and liquidated damages to all Opt-In Plaintiffs who sign and timely return a Release of Claims form and a completed W-4 form, if they are no longer employed by JRN. Defendants will pay up to a total of $103,574.10 in back pay and liquidated damages to the Named Plaintiffs and Opt-In Plaintiffs who sign and timely return the forms described in this Paragraph. Plaintiffs' counsel calculated the amounts owed to each Named Plaintiff and Opt-In Plaintiff using the following methodology: Named Plaintiffs and Opt-In Plaintiffs worked approximately 48 hours per week as scheduled by JRN at an average rate of pay of $11.66 per hour (JRN divided the weekly salary by 52 to account for 48 hours of work (which is how JRN did the calculation at the time of conversion)). Named Plaintiffs and Opt-In Plaintiffs will receive $93.31 (8 hours multiplied by $11.66 hourly rate) for every week they worked during the 3 year statutory period in which they were paid a salary. Half of the $93.31 is for back pay as calculated by the Fluctuating Work Week method and the other half is for liquidated damages. The Agreement also provides that the settlement payments of any

Named Plaintiff or Opt-In Plaintiff who revokes their release of any Age Discrimination in Employment Act claims in accordance with the Older Workers' Benefit Protection Act will be reduced by thirty percent.

The Agreement also includes: (1) a non-admissions clause; (2) a release of all Named Plaintiffs' and Opt-In Plaintiffs' claims against JRN, except those claims that cannot be released under applicable law; (3) dismissal with prejudice of Plaintiffs' claims in the Lawsuit; and (4) confidentiality provisions.

As set forth in the Parties' Joint Motion, the Named Plaintiffs have been represented by counsel throughout the pendency of the Lawsuit.  The Parties engaged in written discovery and conducted depositions, which enabled them to assess the potential risks of litigation.  After conducting discovery, representatives for both Parties attended a day-long mediation, where they entered into a negotiated settlement of the claims in the Lawsuit.  Plaintiffs' counsel believes the settlement is fair, adequate, reasonable, and is in the Named Plaintiffs and Opt-In Plaintiffs' best interests.

The Court finds that the provisions in the Agreement and the totality of the settlement and the circumstances surrounding the negotiation of the settlement, constitute a "fair and reasonable" resolution of a bona fide dispute regarding the claims released by the Agreement.

Accordingly, it is hereby **ORDERED** that the Joint Motion is **GRANTED**.  The Plaintiffs' claims in the Lawsuit are hereby **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED this 28th day of February, 2017.

    s/Clay D. Land
    CLAY D. LAND
    UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY:

s/ J. Russ Bryant (with permission)
Gordon E. Jackson
J. Russ Bryant
James L. Holt, Jr.
Paula R. Jackson
Jackson, Shields, Yeiser & Holt
262 German Oak Drive
Memphis, TN 38018
John W. Roper
The Roper Law Firm
5353 Veterans Parkway, Suite D
Columbus, GA 31904

*Attorneys for Plaintiffs*

s/ Ben H. Bodzy
Ben H. Bodzy, BPR No. 023517 (pro hac vice)
Megan Sutton, BPR No. 029419 (pro hac vice)
Jesse Harbison, BPR No. 032105 (pro hac vice)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, TN  37201
Telephone: (615) 726-5640
Facsimile: (615) 744-5640
E-Mail:	bbodzy@bakerdonelson.com
	msutton@bakerdonelson.com
	jharbison@bakerdonelson.com

Thomas F. Gristina, GA Bar No. 452454
PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.
1111 Bay Avenue, Third Floor
P.O. Box 1199
Columbus, GA 31902
Telephone: (706) 324-0251
Facsimile: (706) 243-0417
E-Mail:  TFG@psstf.co

*Attorneys for Defendants*